IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH H. KAYATI, Jr., | |
| Plaintiff/Appellant, | No. 18-cv-2223-RBK |
| v. | OPINION |
| MICHHAEL DiMEO, Sr. and MICHAEL DiMEO, Jr., | |
| Defendants/Appellees | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on behalf of Joseph H. Kayati, Jr.'s appeal of an Order denying a Motion to Recuse (Doc. No. 1) from the United States Bankruptcy Court in the District of New Jersey, and for the reasons articulated in this Opinion, Appellant's Motion is **DENIED**.

### I. BACKGROUND

On July 30, 2015, Joseph H. Kayati, Jr. ("Debtor") filed a petition for relief under Chapter 13 of Title 11 of the United States Code. The case was dismissed on July 11, 2016 but was reinstated and converted to Chapter 11 on November 29, 2016. The case was then re-converted to Chapter 13 on January 24, 2017. *In re Joseph Kayati, Jr.*, No. 15-24280. The bankruptcy proceeding corresponded with a state court proceeding.

Debtor sued creditors Michael DiMeo, Jr. and Michael DiMeo, Sr. (collectively, the "DiMeos") in the Superior Court of New Jersey, Atlantic County ("State Court Action"). The precise details of the underlying state action are not pertinent to this Court's proceedings, but

some facts are worth noting. For example, in the State Court Action, the DiMeos filed at least one counterclaim against the Debtor, claiming that the lawsuit is frivolous and demanding attorney fees. On this basis, the DiMeos filed a priority proof of claim ("Claim No. 1") in Bankruptcy Court in the amount of $148,872.58 for fees stemming from the State Court Action. Debtor objected.

On October 8, 2015, Judge Jerrold N. Poslusny, Jr. of the United States Bankruptcy Court entered an order reclassifying Claim No. 1 as an unsecured contingent claim. Judge Poslusny found that the state court should determine whether the DiMeos have a valid claim for attorney fees under state law. After such determination, Judge Poslusny explained that Debtor could return to the Bankruptcy Court and make arguments as to why Claim No. 1 should be disallowed in the bankruptcy proceeding. Debtor then filed a motion for reconsideration and a motion for an evidentiary hearing, and Judge Poslusny denied both motions. Again, the Court repeated that after the state court determined the DiMeos' claim for attorney's fees, Debtor could return to Bankruptcy Court and renew his objections to Claim No. 1. The Debtor appealed this Order, but subsequently withdrew any objection by letter.

On October 27, 2017, Debtor filed a Recusal Motion against Judge Polusny. The Motion made several allegations and expressed displeasure with the Judge's decision to allow and reclassify Claim No. 1. Debtor alleged that Judge Poslusny showed favoritism to the DiMeos by continuing the confirmation hearing. For example, in one instance, the DiMeos' attorney was not present, but Judge Poslusny permitted the hearing to continue. Debtor also claimed that Magistrate Judge Ann Marie Donio, a federal judge not involved in the bankruptcy proceeding, pressured Judge Poslusny to support the DiMeos. Debtor stated that Judge Donio had a family

relationship with one of the DiMeos' suppliers. She therefore walked across the hall and pressured Poslusny to support the creditor's position.

## II. STANDARD OF REVIEW

This Court has jurisdiction over final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158. A district court applies a clearly erroneous standard to the bankruptcy judge's findings of fact and reviews the bankruptcy judge's legal conclusions *de novo*. *See* Fed. R. Bankr. P. 8013; *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d. Cir.1989). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed", even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir.1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district court reviews the bankruptcy court's "exercise of discretion for abuse thereof." *Manus Corp. v. NRG Energy, Inc., (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116, 122 (3d. Cir.1999). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Id.*

## III. Motion to Disqualify the Bankruptcy Judge

Appellant filed a Motion for Disqualification of the presiding judge in his bankruptcy case, Judge Jerrold N. Poslusny, Jr. The Court will consider this Motion because the question of disqualification is not the actual basis for appeal or reason to overturn or vacate "a judgment, order, or decree of a bankruptcy court." Fed. R. Bankr. P. 8003(a)(1). This is a collateral matter raised by Appellant seeking relief distinct from Judge Poslusny's orders. *Cf. Raza v. Biase*, 2008

WL 682236, at *2 (D.N.J. Mar. 7, 2008) (appeal from an order denying motion to disqualify the bankruptcy judge).

The disqualification of bankruptcy judges is governed by 28 U.S.C. § 455. Fed. R. Bankr. P. 5004(a). A judge should recuse himself if he has any impartiality, bias, or prejudice related to a party. *See* 28 U.S.C. § 455(a), (b)(1). The standard or test for disqualification is whether a reasonable person with knowledge of the circumstances would reasonably doubt the judge's impartiality. *See In re Walters*, 649 F. App'x. 273, 275 (3d Cir. 2016); *Tare v. Bank of Am.*, 2008 WL 4372785, at *3 (D.N.J. Sept. 19, 2008) (quoting *In re Kensington Int'l Ltd.*, 368 F.3d 289, 296 (3d Cir. 2004)).

Here, Appellant presents conclusory allegations, not "facts that are sufficiently definite and particular to convince a reasonable person that bias exists." *Tare*, 2008 WL 7342785, at *3; *see also id.* at *5. Far from any coherent factual allegations, Appellant presents a tenuous and unsupported theory of intra-courthouse collusion and distant family dealings. Specifically, Appellant's theory of bias hinges on the proximity of Judge Poslusny's chambers and those of Magistrate Judge Ann Marie Donio. The logic, to the best the Court can tell, goes as follows: David Arena, a non-party to the bankruptcy action, contracted with the creditors in the bankruptcy action for several years; David Arena engaged in those contracts while serving as President of Frank Donio, Inc.; and Magistrate Donio is Frank Donio's daughter. Because Judge Donio works in the same courthouse as Judge Poslusny, and because her family's business previously engaged the defendant creditor, Appellant insists that bias tainted the proceedings, and Judge Poslusny had to recuse himself from the bankruptcy matter.

This theory of bias in unpersuasive for various reasons. First, the motion at issue attempted to disqualify Judge Poslusny, not Judge Donio. Judge Donio did not preside over any

of the matters at issue, nor is she a party. Second, Appellant has not provided facts to support any connection between Judge Poslusny and Frank Donio, Inc. Appellant instead argues that Judge Donio's familial connection, twinned with her office's location, is enough to impute bias on Judge Poslusny. This Court simply cannot accept such a novel theory of judicial bias.

Appellant also improperly relies on the legal substance of Judge Poslusny's order to substantiate bias. *See Raza*, 2008 WL 682236, at *3 ("[T]he party claiming bias or prejudice must show some extrajudicial source for the bias or prejudice. . . . [t]he claimant cannot use judicial actions, such as orders issued against the claimant, as the basis for a bias claim because those actions can be corrected on appeal."). For example, Appellant's brief discusses the Judge's prior conversion of Appellant's Chapter 11 proceeding to a Chapter 13 proceeding. The brief also describes how Judge Poslusny incorrectly applied certain bankruptcy laws. These instances are judicial actions, generally consistent with the role of a bankruptcy judge, and therefore insufficient to support a claim of judicial bias. If the Appellant wished this Court, as a reviewing Court, to consider such legal decisions, the Appellant should have focused the Court's review on specific orders beyond the denial of the recusal motion at issue. Said another way, this Court will not review Plaintiff's compilation of allegedly infirmed legal decisions through the instant motion for recusal.

## IV. CONCLUSION

For the reasons discussed above, Appellant's Motion to Disqualify is **DENIED**. An accompanying Order will follow.

Dated: __3/13/2019____                                              *s/* Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge